UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RIO FRESH, INC., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY, | § | Civil Action No. B-02-155 |
| Defendant. | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Rio Fresh, Inc., Plaintiff, complaining of and against Zurich American Insurance Company, Defendant, and for cause of action would respectfully show to the Court as follows:

### Jurisdiction

1. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a), (c)(1).

### Parties

2. Plaintiff, Rio Fresh, Inc. is a Texas corporation with principal place of business in San Juan, Hidalgo County, Texas.

3. Defendant, Zurich American Insurance Company, is a foreign corporation with principal place of business in the State of Illinois. Defendant can be served with process by serving its registered agent in Texas, Mr. Gary Sudol, 12222 Merit Drive, Suite 700, Dallas, Texas 75251.

### Venue

4.  Venue is proper in Southern District of Texas, pursuant to 28 U.S.C. 1391(a)(2), because a substantial part of the events and/or omissions giving rise to this claim occurred in the Southern District of Texas.

### Facts

5.  Plaintiff was insured under a commercial insurance policy issued by Defendant, to wit: policy number TAG 56264667. Said insurance policy covered Plaintiff against property damage losses, including damage caused by windstorm. Said policy was in force during the period of October 28, 2000, through October 28, 2001. On or about September 18, 2001, high winds caused property damage to a building owned by Plaintiff, used to store and package produce.

6.  Plaintiff submitted its claim to Defendant. On or about January 8, 2002, Defendant denied Plaintiff's claim. Defendant contended that the damage to Plaintiff's building was pre-existing and not caused by wind, but paid Plaintiff $19,622.00 "to mitigate any further damages and loss."

### Claim pursuant to Texas Insurance Code

7.  Defendant has engaged in unfair settlement practices, in violation of Tex. Ins. Code art. 21.21 §4(b)(10) , by engaging in the following acts

    (a)  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    (b)  refusing to pay a claim without conducting a reasonable investigation; and

(c) failing within a reasonable time to affirm or deny coverage.

8. Defendant has knowingly engaged in such unfair claim settlement practices.

9. Defendant's conduct in committing unfair settlement practices was a producing and/or proximate cause of Plaintiff's damages.

### Claim pursuant to Deceptive Trade Practices Act

10. Plaintiff is a consumer within the meaning of Tex. Bus. & Com. Code ann. §17.45.

11. Defendant has engaged in deceptive trade practices within the meaning of Tex. Bus. & Com. Code ann. § 17.50, by violating Tex. Ins. Code art. 21.21, as herein alleged.

12. Defendant knowingly and/or intentionally engaged in such deceptive trade practices.

13. Defendant's conduct in committing deceptive trade practices was a producing cause of Plaintiff's damages.

### Common Law Bad Faith

14. Defendant owes a duty of good faith and fair dealing to Plaintiff, because of the special relationship between insurer and insured.

15. Defendant breached the duty of good faith and fair dealing by refusing to make a good faith settlement of Plaintiff's claim once the insurer's liability had become reasonably clear.

16. Defendant's breach of the duty of good faith and fair dealing was a proximate cause of Plaintiff's damages.

## Breach of Contract

17. Defendant breached its insurance contract with Plaintiff, by failing to pay a claim covered by the insurance contract between Plaintiff and Defendant.

## Damages

18. As a result of Defendant's conduct as herein alleged, Plaintiff has suffered compensatory damages, mental anguish damages, attorney's fees, and costs of Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court cite Defendant to appear and answer, and that upon final trial of this case, Plaintiff have a judgment in its favor and against Defendant for compensatory damages, attorneys' fees, costs of Court, pre- and post judgment interest at the highest lawful rate, statutory penalty damages, and such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**GUERRA & MOORE, LTD., L.L.P.**
4201 North McColl Rd.
McAllen, Texas 78504
Telephone: (956) 618-3000
Telecopier: (956) 686-4200

By: _____
J. Michael Moore
Texas Bar No. 14349550
S.D. Tex. Bar No. 16942
*Attorney-in-charge*

David J. Lumber
Texas Bar No. 24002504
S.D. Tex. Bar No. 22085
*of counsel*